UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERICK SERRANOS RAMOS,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-2068-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Erick Serranos Ramos's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. Petitioner challenges his continued immigration detention, alleging an abuse of discretion by an Immigration Judge ("IJ") at a bond hearing. The Court has reviewed the Petition, a Return filed by the Government, Dkt. #9, a Traverse, Dkt. #12, and the remainder of the record.

The following facts are taken from the Petition and the declaration of an ICE officer submitted by Respondents. *See* Dkts. #1 and #10. Petitioner is a native and citizen of Mexico. He entered the United States in 2004 without inspection. On June 30, 2025, Petitioner was charged with "misdemeanor assault—domestic violence" in Fircrest, WA. It does not appear Petitioner was detained in jail as a result of this charge, because ICE picked up Petitioner outside a Fircrest courthouse on July 23, 2025, and he was taken to the NWIPC. On October 17, 2025, an Immigration Judge ("IJ") held a bond hearing. The IJ found that the Immigration Court lacked jurisdiction because Petitioner was in mandatory detention under 8 U.S.C. § 1225(b)(2). However, the IJ also checked a box with the following text: "[i]n the alternative, if the court had

jurisdiction to redetermine Respondent's custody status, the court would deny the bond request because Respondent has failed to establish that he is not a flight risk." Dkt. #11-3 at 2. There is no evidence presented by either party as to *how* or *why* this determination was made by the IJ.

On December 1, 2025, Petitioner appeared with counsel for an individual hearing on the merits of his applications for relief from removal. The IJ denied all of Petitioner's applications for relief and ordered Petitioner removed to Mexico. Petitioner filed an appeal with the Board of Immigration Appeals ("BIA").

On February 19, 2026, Petitioner was part of a multi-plaintiff petition for writ of habeas corpus before Judge Tiffany Cartright, *Jose Flores-Velazquez, et. al. v. Hermosillo, et. al.*, 2:26-cv-00600-TMC. On February 25, 2026, the Court granted habeas relief to some of the plaintiffs but denied it for Mr. Ramos because of the IJ's alternative finding of flight risk. The record shows that no evidence or argument was presented by Petitioner's counsel as to the alternative finding of flight risk.

This second petition was filed on June 12, 2026. Dkt. #1. On June 15, 2026, the Court issued an Order citing 28 U.S.C. § 2243 and directing Respondents to "show cause why the writ of habeas corpus should not be granted." Dkt. #2.

Respondents argue that this Petition should be denied "under the abuse of the writ doctrine because it is an improperly filed claim in a successive petition." Dkt. #9 at 4. The abuse of the writ doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (quotations and citations omitted). Respondents argue that Petitioner had a full and fair opportunity to raise a bond-hearing challenge in his first habeas petition but failed to do so. *Id.* at 5.

In the Traverse, Petitioners argue that this case is analogous to *Cruz Acevedo v. Scott*, No. 2:26-cv-01103-TMC (W.D. Wash. Apr. 27, 2026). In that case, Judge Cartwright stated:

> Cruz-Acevedo's current habeas petition does not encompass a claim that either the procedures used at the bond hearing violated the Constitution or that the flight risk finding was an abuse of discretion. Such claims could be presented in a separate habeas petition. *See, e.g, Marta Escalante Perez v. Julio Hernandez, et al.*, 2:26-cv-00956-TSZ, 2026 WL 1004559 (W.D. Wash., April 14, 2026); *see also Martinez v. Clark*, 124 F.4th 775, 781-84 (9th Cir. 2024). But they have not been made here, nor has Petitioner sought leave to amend the petition. The petition was based solely on the mandatory detention ground, and the flight risk finding precludes relief on that ground.

Case No. 2:26-cv-01103-TMC, Dkt. #9 at 4.

The Court finds that this case is sufficiently analogous to *Cruz Acevedo* and otherwise agrees with Petitioner's abuse of the writ doctrine arguments.

In the Petition, counsel states:

> At the time of the custody determination, the record reflected that Petitioner had resided in the United States for more than twenty years, maintained a stable residence, had significant family and community ties, and had a United States citizen daughter. Petitioner also presented evidence of employment prospects, community support, and a sponsor willing to assist him upon release. The record further reflected that Petitioner had no criminal history, no prior removals, and no history of failing to appear for court proceedings.

Dkt. #1 at 15. The Court has no record of the bond hearing proceedings, but these facts are not contested by Respondents.

The Court has reviewed the briefing of the parties and agrees with Petitioner that he is not challenging the outcome of the bond hearing but rather the process and procedures employed at that hearing. The Court is convinced that the IJ at the bond hearing did not engage in a reasoned evaluation of the evidence or provide any factual finding or explanation supporting the conclusion of flight risk. Respondents cannot hide behind the opaque checkbox order to hold

Petitioner in detention for over a year; they were ordered to show cause why habeas corpus should not be granted and have failed to do so. The facts presented by the Petitioner at the bond hearing support release and directly contradict the IJ's conclusion of a flight risk. *See* Dkt. #21-3. These circumstances have been seen before by this Court and warrant granting habeas relief. *See Vasquez Lopez v. Scott*, No. 2:26-cv-00438-LK, 2026 WL 984151, at *3 (W.D. Wash. Mar. 28, 2026) ("The Court is left to speculate concerning how the IJ viewed the evidence in light of the applicable factors."); *id*. ("The Court must conclude that the IJ failed to do so, which constitutes an abuse of discretion."); *see also Haidari v. Scott,* No. 2:26-cv-01655-KKE (W.D. Wash. June 5, 2026). The Court agrees with waiving the exhaustion requirement and will not force Petitioner to wait further months in detention for his BIA appeal to be processed on these facts.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be RELEASED from custody no later than October 2, 2026, on conditions no more restrictive than those in place prior to his detention, and that he may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate, at which the Government bears the burden of justifying continued detention by clear and convincing evidence. Respondents must file a status report no later than October 5, 2026, confirming compliance with this Order.

DATED this 1st day of October, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE